IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| United States of America ) | |
| ) | Cr. No. 6:07-833-HMH |
| vs. ) | |
| ) | **OPINION AND ORDER** |
| Earnest Jermaine Young, ) | |
| ) | |
| Movant. ) | |

This matter is before the court on Earnest Jermaine Young's ("Young") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the reasons explained below, the court summarily dismisses Young's motion.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On October 23, 2007, Young pleaded guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). According to the Presentence Investigation Report ("PSR"), Young had seven prior convictions for violent felonies or serious drug offenses and was therefore subject to a fifteen-year mandatory minimum sentence under the Armed Career Criminal Act ("ACCA"). § 924(e)(1). Young did not file any objections to the PSR, and on February 26, 2008, the court sentenced him to 180 months' imprisonment. (Sentencing Hr'g at 2, 5.) Young did not appeal his sentence. (Young § 2255 Motion at 3.) On March 3, 2011,[1] Young filed the instant § 2255 motion alleging that he was improperly sentenced under the ACCA because subsequent case law establishes that his failure to stop violations do not qualify as a crime of violence and therefore cannot serve as predicate convictions for the ACCA. See

---

[1] Houston v. Lack, 487 U.S. 266 (1988).

1

United States v. Rivers, 595 F.3d 558, 560 (4th Cir. 2010) ("[W]e hold that under no circumstances is a violation of South Carolina's blue light statute a violent felony under the ACCA.").

## II. Discussion of the Law

Upon review, the court finds that Young's § 2255 motion is untimely. Pursuant to § 2255(f),

> [a] 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

When the movant fails to pursue a direct appeal, the defendant's conviction is final when the time to file a direct appeal expires. United States v. Johnson, No. 99-7005, 2000 WL 37753, at *1 (4th Cir. Jan. 19, 2000) (unpublished). The judgment against Young was entered March 3, 2008. Because he did not pursue a direct appeal, his conviction became final on March 13, 2008.[2] Young, however, did not file the instant motion until March 3, 2011, almost three years

---

[2] At the time of Young's sentencing, Rule 4(b)(1)(A) of the Federal Rules of Appellate Procedure provided that a defendant in a criminal case had ten days after entry of judgment to file a notice of appeal with the district court. Rule(b)(1)(A) was subsequently amended, and effective December 1, 2009, a criminal defendant now has fourteen days to file a notice

2

after his conviction became final.[3] Relying on § 2255(f)(3) and (4), Young nevertheless contends that the Supreme Court's decisions in Begay v. United States, 553 U.S. 137 (2008), and Chambers v. United States, 555 U.S. 122 (2009), reset the one-year clock to file his motion, thereby making his motion timely. (Young § 2255 Motion at 13.) The court disagrees. Assuming that the limitations period runs from the date Chambers was decided, Young did not file the instant motion until over two years thereafter. Therefore, even if the limitations period were to run from the date the Court decided Chambers, Young's motion would still be time-barred.

On March 29, 2011, Young submitted a filing captioned "motion for equitable tolling for 'extraordinary circumstances.'" In this filing, Young argues that he is entitled to equitable tolling of § 2255's statute of limitations because his attorney told him to delay in filing his motion. (Mot. Equitable Tolling at 2.) Had his attorney not instructed him to postpone the filing of his § 2255 motion, Young contends that he would have filed it before the expiration of the statute of limitations. (Id.) A movant is entitled to equitable tolling of § 2255's statute of limitations only upon a showing that (1) he has pursued his rights diligently and (2) some extraordinary circumstance precluded a timely filing. Holland v. Florida, 130 S. Ct. 2549, 2562 (2010). Under the second prong, an attorney's misconduct must be more egregious than a "garden variety claim of attorney negligence" to constitute an extraordinary circumstance. Id. at

---

of appeal with the district court.

[3] Young alleges that he filed his § 2255 motion on March 2, 2009. (Young § 2255 Motion at 13.) The envelope containing his motion, however, indicates that it was given to prison officials on March 3, 2011, and this date is consistent with the date on which it was postmarked.

3

2564 (internal quotation marks omitted). The Fourth Circuit, moreover, has observed that "an extraordinary failure by the attorney to provide reasonably competent legal work, to communicate with his client, to implement his client's reasonable requests, to keep his clients informed of key developments in their cases, or to never abandon a client" may constitute extraordinary circumstances sufficient to entitle the movant to equitable tolling. United States v. Oriakhi, No. 08-8224, 2010 WL 3522005, at *1 (4th Cir. Sept. 10, 2010) (unpublished).

Young has failed to show that he diligently pursued his rights in attempting to file a § 2255 motion. In his motion for equitable tolling, Young maintains that his counsel instructed him that there "was no need to file a motion due to the pending outcome and the situation at hand." (Mot. Equitable Tolling at 2.) Young states that but for his counsel's advice, "I would have expeditiously prepared and filed my 2255 motion in haste to make sure I beat the February 26, 2009 time requirement." (Id.) Accepting Young's allegations about his attorney's statements as true, and assuming the statute of limitations to file his § 2255 motion expired on February 26, 2009, Young still waited more than two years to file the instant motion. Young has failed to present the court with any persuasive evidence demonstrating that he diligently pursued his rights and attempted to file the instant motion within the one-year statute of limitations. Because it is "indisputably clear from the materials presented to the district court that the petition is untimely and cannot be salvaged by equitable tolling principles," the court concludes that summary dismissal of Young's § 2255 motion is appropriate. Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002).

Alternatively, the court finds that summary dismissal of Young's § 2255 motion is warranted because the substance of his claims are without merit. Young alleges that he was improperly sentenced under the ACCA because his three failure to stop for a blue light convictions no longer constitute convictions of a violent felony. (Young § 2255 Motion at 4-5.) Relatedly, Young contends that his guilty plea was not voluntary and intelligent because he was misadvised that his failure to stop for a blue light convictions were considered violent felonies. (Id. at 6.) Based upon these arguments, Young requests to be resentenced. (Id. at 8.) Young's request for habeas relief, however, is without merit. Even if the court were to assume that Rivers applied retroactively as Young suggests, he would not be entitled to the relief he seeks. According to Young's PSR, in addition to his three failure to stop for a blue light convictions, Young had four alternative convictions of violent felonies or serious drug offenses that could independently serve as predicate convictions under the ACCA. (PSR ¶¶ 16, 17, 19, 24.) Absent the failure to stop for a blue light convictions, therefore, Young would still be subject to the ACCA's fifteen-year mandatory minimum sentence.

It is therefore

**ORDERED** that Young's § 2255 motion, docket number 54, is summarily dismissed. It is further

**ORDERED** that Young's motion for equitable tolling, docket number 57, is denied. It is further

**ORDERED** that a certificate of appealability is denied because Young has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
March 30, 2011

### NOTICE OF RIGHT TO APPEAL

The Movant is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.